UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SL TENNESSEE, LLC,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )   No.:  3:11-CV-340
                                  )        (VARLAN/GUYTON)
OCHIAI GEORGIA, LLC,              )
                                  )
        Defendant.                )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation (the "R&R") entered by U.S. Magistrate Judge H. Bruce Guyton on December 8, 2011 [Doc. 18], in which Judge Guyton recommended that the motion to dismiss and petition to stay further proceedings [Doc. 10] of defendant, Ochiai Georgia LLC, be granted in part and denied in part [Doc. 18, p. 12]. Plaintiff, SL Tennessee, LLC, has filed an objection [Doc. 19] to the R&R [Doc. 19]. Defendant has not filed a response to that objection. For the reasons given herein, plaintiff's objection to the R&R will be **OVERRULED**, the R&R will be **AFFIRMED**, and defendant's motion to dismiss and petition to stay further proceedings [Doc. 10] will be **GRANTED in part** and **DENIED in part**.

**I.      Standard of Review**

The Court conducts a de novo review of the portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis

### A. Relevant Facts and Background

This action arises out of a contractual relationship between the parties. Around 2009, plaintiff was awarded the right to supply automotive parts to an equipment manufacturer [Doc. 1, ¶ 6]. Plaintiff considered defendant a potential sub-supplier for this deal as defendant had been supplying other components to plaintiff [*Id.*, ¶ 10]. Accordingly, the parties entered into a contractual agreement in which defendant agreed to supply various component parts to plaintiff [*Id.*, ¶¶ 14-26].

The terms and conditions of that contractual agreement (the "Contract") contain the following arbitration clause and choice-of-law provision:

> 25. ARBITRATION. If a dispute arises out of, or relates to, or involves an alleged breach of this contract, and the dispute is not promptly resolved through negotiations, the parties agree to undertake resolution of the dispute by arbitration under the Rules of the American Arbitration Association. Any such resolution shall be enforceable by a court order in accordance with the provisions of the Uniform Arbitration Act. Any arbitration conducted under this contract shall take place in Knox County, Tennessee.
>
> 26. APPLICABLE LAW. This contract shall be governed by and interpreted under the laws of the State of Tennessee without regard to the conflict-of-laws provisions thereof.

[*Id.*].

Following what plaintiff alleges were false representations by defendant, late deliveries, and delivery of defective, un-conforming components, plaintiff initiated this action by filing the complaint against defendant and bringing claims for: breach of contract, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, negligent misrepresentation, fraud and deceit, fraud in the inducement, conversion, and a violation of the Tennessee Consumer Protection Act (the "TCPA") [Doc. 1; Doc. 18, p. 3]. Defendant responded by filing the motion to dismiss and petition to compel arbitration, or, in the alternative, to stay further proceedings [Doc. 12].

In seeking dismissal or a stay of plaintiff's claims, defendant relies on the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1, *et seq.*, which provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* § 2. "A party aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* Defendant submits that plaintiff was notified that defendant wished to invoke the arbitration clause in the Contract, but that this request was not honored [Doc. 11]. Thus, defendant asserts that it filed the instant motion because the arbitration clause in the

3

Contract is enforceable, governs plaintiff's claims, and requires that all plaintiff's claims be referred to arbitration [*Id.*]. Defendant also asserts that because all plaintiff's claims should be referred to arbitration, this action should be dismissed or stayed pending arbitration [*Id.*].

In response, plaintiff argues that the arbitration clause in the Contract does not contemplate the arbitration of plaintiff's claims for fraud in the inducement, fraud and deceit, conversion, and a violation of the TCPA [Doc. 12]. Relying primarily on the United States Supreme Court's decision in *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989), and the Tennessee Supreme Court's decision in *Frizzell Constr. Co. v. Gatlinburg, LLC*, 9 S.W.3d 79, 85 (Tenn. 1999), plaintiff argues that the Contract, including the arbitration clause, is subject to the additional qualification set out in its choice-of-law provision, that is, that Tennessee law provides the basis for deciding questions concerning the scope of the Contract and its interpretation [*Id.*]. Plaintiff asserts that by choosing Tennessee law to govern the Contract, the parties expressed their agreement and intent that Tennessee law governing arbitrable issues should apply, rather than the arbitration rules of the FAA. Specifically, plaintiff asserts that Tennessee law makes clear that a claim for fraudulent inducement must be withheld from arbitration [*Id.*, pp. 3-4 (citing *Frizzell*, 9 S.W.3d at 85)].

### B. The FAA

"The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alterative to litigation." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). "Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor or arbitration." *Id.* (citations omitted). However, a party "cannot be required to submit to arbitration any dispute that the party has not agreed to so submit." *Bratt Enterprises, Inc. v. Noble Int'l Ltd.*, 338 F.3d 609, 612 (6th Cir. 2003); *see also Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006) (noting that "[a]rbitration under the [FAA] 'is a matter of consent, not coercion'") (quoting *Volt*, 489 U.S. at 479).

Thus, a central purpose of the FAA is to ensure "that private agreements to arbitrate are enforced according to their terms." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) (quoting *Volt*, 489 US. at 479). "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like

5

defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

If a court determines that the cause of action is covered by an arbitration clause, § 3 of the FAA provides that the court "must stay the proceedings until the arbitration process is complete." *Fazio V. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing 9 U.S.C. § 3). Courts have held that when the court determines that all the claims in a cause of action are to be submitted to arbitration, it may dismiss, rather than stay the action because "staying the action will serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). *See Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999) (rejecting an argument that dismissal was improper, citing *Alford* with approval, and holding that dismissal is proper when all claims in a suit are submitted to arbitration).

### C. The R&R and Plaintiff's Objection

In the R&R, Magistrate Judge Guyton recommended that defendant's motion to dismiss and petition to stay further proceedings be granted, in part, to the extent that the parties should be ordered to refer all plaintiff's claims to arbitration and that this case be stayed pending arbitration. Magistrate Judge Guyton denied the motion to the extent it requested dismissal of this case. Plaintiff's objection to the R&R is solely to the magistrate

judge's recommendation that plaintiff's claim for fraud in the inducement be referred to arbitration.[1]

In concluding that plaintiff's claim for fraud in the inducement should be referred to arbitration, Magistrate Judge Guyton outlined the rule articulated in *Rent-A-Center, West, Inc. v. Jackson*, — U.S. —, 130 S.Ct. 2772 (2010), in which the Supreme Court considered the application of the FAA to a plaintiff's challenge of a contract containing an arbitration clause. Under *Rent-A-Center*, the claim of fraudulent inducement of the entire contract is a claim to be resolved by the arbitration process, in the absence of evidence that the contracting parties intended to withhold that claim from arbitration. *Id.*, 130 S.Ct. at 2777-78; *see also Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 403 (1967). However, if the claim is one of fraudulent inducement of the arbitration clause itself, and not the entire contract, the court in which the complaint was filed should address that claim prior to compelling arbitration. *Rent-A-Center*, 130 S.Ct. at 2778. The magistrate judge analyzed plaintiff's claim of fraudulent inducement, concluding that it was a claim made to the Contract as a whole. Thus, under the relevant precedent, the magistrate judge recommended that plaintiff's claim be referred to arbitration, rather than determined by the Court.

---

[1]Plaintiff has not objected to the magistrate judge's recommendation that all other claims alleged in the complaint be referred to arbitration. After reviewing this portion of the R&R, the Court is in agreement with the analysis of the magistrate judge and will affirm his recommendation referring all other claims to arbitration. Thus, this opinion considers only plaintiff's specific objection to the magistrate judge's recommendation regarding plaintiff's claim for fraud in the inducement.

Plaintiff has not objected to the magistrate judge's articulation of the rule in *Rent-A-Center*, nor its applicability to arbitrability issues arising under the FAA. Rather, plaintiff has objected to the magistrate judge's application of the *Rent-A-Center* rule to the exclusion of the choice-of-law provision in the Contract designating Tennessee law. Plaintiff asserts that the magistrate judge erred in analyzing the issue of arbitrability of the fraudulent inducement claim in the context of the *Rent-A-Center* rule. Instead, plaintiff asserts that the magistrate should have considered the Contract as a whole, including both the arbitration clause and the choice-of-law-provision in that consideration, to determine what issues and claims the parties agreed should be referred to arbitration. Thus, plaintiff contends, because the Contract clearly shows that the parties intended for Tennessee law to control the parties' agreement, the magistrate judge should then have reviewed Tennessee law to determine what claims should be referred to arbitration.

In sum, plaintiff's objection to the R&R is whether, given the language of the arbitration clause and the choice-of-law provision, plaintiff's claim for fraud in the inducement is arbitrable under the Contract. The resolution of this objection requires the Court to determine whether the magistrate judge erred in determining that the FAA governed the claims to be arbitrable, rather than concluding that Tennessee law governed those claims, the application of which would render plaintiff's fraudulent inducement claim non-arbitrable.

### D. The Governing Laws of Arbitration – the FAA or Tennessee Law

As an initial matter, the Court notes that it seems to be undisputed that the Contract "involve[s] commerce" as that definition is used in the FAA, and thus, that the Contract falls
8

within the scope of the FAA. *See* 9 U.S.C. §§ 1, 2. The fact that this is an issue of contract interpretation in a case before the Court pursuant to diversity jurisdiction is immaterial, as the FAA created substantive law regarding arbitration clauses that must be enforced in both state and federal courts. *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984) ("We thus read the underlying issue of arbitrability to be a question of substantive federal law: 'Federal law in the terms of the [FAA] governs that issue in either state or federal court.'") (quoting *Moses.*, 460 U.S. at 24).

Relying on the Supreme Court's decision in *Volt*, 489 U.S. 468 and the Sixth Circuit's decision in *Pub. Serv. Credit Union v. Ernest*, 988 F.2d 627 (6th Cir. 1993), plaintiff argues that because the choice-of-law provision in the Contract states that it is "governed by and interpreted under the laws of the State of Tennessee," the requirement under Tennessee law withholding claims for fraud in the inducement from arbitration should be read into the Contract, not the arbitrability rules of the FAA.

The Court disagrees.

In *Ferro Corp. v. Garrison Indus., Inc.*, 142 F.3d 926 (6th Cir. 1998), the Sixth Circuit recognized that *Volk* had been substantially limited by the Supreme Court's subsequent decision in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995). *Ferro*, 142 F.3d at 933-34. Analyzing both *Ferro* and *Mastrobuono*, the Sixth Circuit concluded that the choice-of-law provision in the parties' contract gave "no indication that the parties intended to incorporate Ohio law to determine that the issue of fraudulent indictment should be adjudicated in a judicial forum," thus displacing application of the FAA. *Id.* at 937. In

9

its analysis, the *Ferro* court found that the choice-of-law provision was similar to the provision at issue in *Mastrobuono*, that is, it was "'conspicuously broad,' as it applies to [a]ll controversies and claims arising out of or relating to this Agreement . . . ." *Id.* at 937. Given this broad language, the *Ferro* court concluded that the parties did not intend to incorporate Ohio law, or invoke the power of the courts, to determine the scope of the arbitration agreement. *Id.* Thus, the *Ferro* court concluded that it would:

> [H]armoize the provisions of the [parties' contract] in the same manner as the Court in *Mastrobuono*: by ruling that the choice-of-law clause is not an "unequivocal inclusion" of the Ohio rule which arguably holds that the issue of fraudulent inducement is one for a court, and not an arbitrator to decide.

*Id.*[2] The *Ferro* court ended its analysis by noting that this holding was supported both by the FAA and by common sense in that it prevents a party who wanted to avoid arbitration from "simply assert[ing] that the contract was fraudulently induced, thereby removing the case from the jurisdiction of the arbitrators, and vesting it with a court. Though the court's jurisdiction . . . would terminate subsequent to it determining whether . . . the contract was fraudulently induced, the litigation would vitiate the primary benefit of arbitration, i.e., the expeditious, inexpensive resolution of disputes." *Id.* at 938.

Similarly, in a 2005 decision, the Sixth Circuit concluded that a choice-of-law provision providing that "this agreement shall be governed by the laws of the State of Michigan" did not displace the rules of the FAA. *See Jacada (Europe), Ltd. v. Int'l*

---

[2]In this case, the issue of whether Tennessee law holds that fraudulent inducement is a question for judicial resolution does not appear to be in question.

10

*Marketing Strategies, Inc.*, 401 F.3d 701, 710-12 (6th Cir.2005), *abrogated on other grounds*, *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). The *Jacada* court observed that "[j]ust as in *Mastrobuono*, the choice-of-law clause [in *Jacada*] could be read as only specifying what state contract law the parties wished to use;" the parties had "entered into an agreement in which, without the choice-of-law provision, the FAA rule would apply;" and "the clause does not unequivocally suggest an intent to displace the default federal standard." *Id.*, 401 F.3d at 711 (internal citations omitted). Thus, "[c]onsidering the federal policy in favor of arbitration" and relevant Supreme Court and Circuit Court of Appeal decisions, the *Jacada* court determined that the FAA would not be displaced "when the only evidence of such intent is a generic choice-of-law provision." *Id.* at 712.

Following *Ferro* and *Jacada*, the United States District Court for the Eastern District of Michigan has rejected a similar argument in two separate cases. *See Mech. Power Conversion, LLC v. Cobasys, LLC*, 500 F. Supp. 2d 716, 720-21 (rejecting an argument that Michigan law applies to the parties' arbitration agreement because there was "no clear indication in the agreement that the arbitration procedures are governed by Michigan law" and thus "the strong presumption in the federal courts toward compelling arbitration applies."); *Williams Intern. Co., LLC v. New West Mach. Tool Corp.*, No. 09-12516, 2010 WL 331714, at *6-*7 (E.D. Mich. Jan. 22, 2010) (same).

Similar to the cases discussed above, although the Contract in this case contains a choice-of-law provision providing that the Contract is to be governed and interpreted under Tennessee law, there is no clear or unequivocal indication that Tennessee law should displace

the federal standard on arbitration [Doc. 12-1, p. 2, ¶¶ 25, 26]. In addition, the arbitration clause itself does not reference Tennessee law or provide that a claim of fraud in the inducement should be withheld from arbitration [*Id.*, p. 2, ¶ 25].[3] Furthermore, similar to the provisions discussed in *Jacada* and *Mastrobuono*, the choice-of-law provision in the Contract could easily be read as only specifying what state contract law the parties intended to govern their agreement, and without the choice-of-law provision, there seems to be no question that the FAA rules of arbitration would apply. *See Jacada*, 401 F.3d at 711-12.

Furthermore, while the Court has carefully considered plaintiff's objection that *Volt*, *Pub. Serv. Credit Union*, and *Frizzell* require a different conclusion than that reached by the magistrate judge, the Court is unpersuaded by this argument.

---

[3]Plaintiff argues that *Ferro* is distinguishable from this case because in the Contract the parties expressly adopted Tennessee law and the Rules of the American Arbitration Association, and expressly agreed that Tennessee would be the venue for any applicable arbitration [*See* Doc. 19, p. 4 n.2; Doc. 12-1, p. 2]. However, these are the same agreements the parties made in *Ferro*, which contained an arbitration clause and a choice-of-law provision similar to the provisions at issue in this case. Specifically, the arbitration clause in *Ferro* provided that:

> All controversies and claims arising out of or relating to this Agreement, or the breach of this Agreement, shall be settled by arbitration in Cleveland, Ohio, in accordance with Commercial Arbitration Rules of the American Arbitration Association.

*Id.* at 931. The choice-of-law provision in *Ferro* provided that:

> The Parties hereto agree that all of the provisions of this Agreement and any questions concerning its interpretation and enforcement shall be governed by the laws of the State of Ohio, USA, exclusive of its choice of law rules[.]

*Id.* at 932. *See also Williams*, 2010 WL 331714, at *2 (describing similar arbitration and choice-of-law provisions).

12

First, the Court finds *Volt* distinguishable from the instant case. In *Volt*, the parties executed a construction contract containing an arbitration clause and a choice-of-law provision operatively selecting California law. *Id.*, 489 U.S. at 470-71. When a dispute arose, the defendant made a formal demand for arbitration. *Id.* at 470. The plaintiff responded by suing in state court for fraud and breach of contract. *Id.* at 471. The plaintiff also sought indemnity from two other companies involved in the parties' construction contract, but with whom it did not have an arbitration agreement. *Id.* The defendant brought a motion to compel arbitration under § 4 of the FAA and under the parallel provision of the California Arbitration Act (the "CAA"), which the state court denied. *Id.* The state court granted the plaintiff's motion to stay the arbitration pursuant to the CAA, which permits a court to stay arbitration pending resolution of related litigation involving third parties not subject to arbitration. *Id.*

Given these facts, the Supreme Court articulated the issue in *Volt* to be whether the application of the CAA's stay provision "would undermine the goals and policies of the FAA." *Id.*, 489 U.S. at 478. The Supreme Court then found that the CAA's rule delaying arbitration of a claim while related litigation between a party to the arbitration agreement and a third party was ongoing did not conflict with the FAA, which governed arbitration under the contract. *Id.* at 474-79. Thus, after noting that the central policy of the FAA was to enforce arbitration agreements in accordance with their terms, and concluding that the agreement to incorporate California law was consistent with the goals of the FAA, the *Volt* court affirmed the integration of the CAA into the parties' agreement. *Id.* at 478-79.

13

*Volt,* therefore, did not present a situation in which state law and the FAA were in conflict. Unlike the CAA, which the Supreme Court read into the parties' contract in *Volt*, the FAA does not contain a provision which addresses the problems raised by multi-party disputes in which only some of the parties have entered into arbitration agreements. *Id.* at 476 n. 5. Thus, the state and federal laws at issue—the CAA and the FAA—did not conflict. *Id.* at 477-79; *see also Ferro,* 142 F.3d at 934-35. In this case, however, Tennessee law provides that a claim for fraud in the inducement of an agreement as a whole should be decided by the court, not referred to arbitration. *Frizzell*, 9 S.W.3d at 85. It follows that Tennessee law and the FAA appear to conflict. In addition, in *Volt*, the Supreme Court deferred to the state court's finding that under state contract law, the parties had intended their choice-of-law provision to adopt the CAA. *Id.*, 489 U.S. at 476. Here, plaintiff alone asserts that the parties intended their choice-of-law provision to govern the claims to be submitted to arbitration. In addition, the only evidence of that agreement is the language of the arbitration clause and the choice-of-law provision, provisions which contain the same language the Sixth Circuit considered in *Ferro*.

*Pub. Serv. Credit Union* is also distinguishable. In that case, which examined a Michigan arbitration statute, the parties agreed in the district court proceedings that the state arbitration statute controlled their agreement to arbitrate. *Id.*, 988 F.2d 627. The Sixth Circuit reversed the district court because it had relied on a decision interpreting the FAA, rather than applying the law to which the parties had stipulated and, according to the Sixth Circuit, "federal law was simply not applicable to this case." *Id.* at 629. In this case, there

is no such stipulation or agreement by the parties that Tennessee law limits the scope of the arbitration clause and the claims to be submitted to arbitration.

In *Frizzell*, the Tennessee Supreme Court held that in a case where the parties have agreed to arbitrate the claim of fraudulent inducement, despite such a prohibition under Tennessee law, that claim must be submitted to arbitration. *Id.*, 9 S.W.3d at 84. The *Frizzell* court noted that when considered in isolation, the broad arbitration clause of the contract at issue did not express the parties' intent to subject the arbitration clause to the additional qualification that Tennessee law would provide the basis for deciding questions concerning its scope and application. *Id.* at 85. However, the *Fizzell* court held that in viewing the contract as a whole, including a broad choice-of-law provision, it was clear that the intent of the parties was to agree to arbitrate their disputes to the extent allowable by Tennessee law, thus withhold the claim of fraudulent inducement from arbitration. *Id. See also Owens v. Nat'l Health Corp.*, 263 S.W.3d 876, 882-83 (Tenn. 2007) (holding that an arbitration clause which provided that "this agreement for binding arbitration shall be governed by and interpreted in accordance with the laws of the state where the Center is located," clearly manifested that the parties' intent was that the arbitration agreement itself shall be governed and interpreted under Tennessee law).

The Court acknowledges that the analysis and holding of *Frizzell*, which neither cites nor discusses *Ferro*, supports plaintiff's argument. However, the Court finds *Ferro* to be the controlling analysis for this Court given the applicability of the FAA in both state and federal courts. *Ferro* contains an extensive review of the Supreme Court's recent FAA decisions in

15

regard to the interaction between a state law and the FAA when the laws are in conflict, when the contract at issue contains a generic choice-of-law provision which fails to specify whether it governs the arbitration clause, and where the arbitration clause contains language very similar to that at issue in this case. Furthermore, distinguishable from the effect of the state law at issue in *Volt*, which established an order of proceedings, the Ohio law at issue in *Ferro* which determined "conclusively which forum—arbitration or judicial—should entertain . . . the defense of fraudulent inducement of a contract[]" *id.*, 142 F.3d at 936, is analogous to the effect of the Tennessee law in this case.

Thus, for the reasons given above, in light of the federal policy favoring arbitration, *Moses*, 460 U.S. at 24-25, and given the relevant decisions of the Supreme Court and Sixth Circuit, the Court will overrule plaintiff's objection and accept in whole the recommendations of the magistrate judge. Thus, the Court finds that the magistrate judge properly concluded that FAA rules govern whether plaintiff's claim for fraudulent inducement that arises out of, relates to, or involves an alleged breach of the Contract should be referred to arbitration. The Court also finds that the magistrate judge properly concluded that because plaintiff's claim for fraud in the inducement challenges the Contract as a whole, rather than the arbitration clause alone, under the FAA, that claim should be referred to arbitration rather than determined by the Court.

### III. Conclusion

For the reasons stated herein and after careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, plaintiff's objection [Doc. 19] is **OVERRULED**, the R&R [Doc. 18] is **ACCEPTED IN WHOLE**, and defendant's motion to dismiss and petition to compel arbitration or, in the alternative, to stay further proceedings [Doc. 10] is **GRANTED in part** and **DENIED in part**. The parties are **ORDERED** to arbitrate all claims alleged in the complaint. Finally, this case shall be **STAYED** pending completion of arbitration, 9 U.S.C. § 3, and defendant's request for a dismissal of this case is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE